IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERMAN FIDEL CUETO, ) | |
| ) | Case No. 08-1033 CKK |
| Petitioner, ) | |
| ) | **RECEIVED** |
| vs. ) | |
| ) | AUG 2 0 2008 |
| DIRECTOR, BUREAU OF IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, UNITED ) | MOTION TO   NANCY MAYER WHITTINGTON, CLERK |
| STATES DEPARTMENT OF HOMELAND ) | EXPAND THE RECORD   U.S. DISTRICT COURT |
| SECURITY, ) | |
| ) | |
| Respondent. ) | |

Comes now the Petitioner, German Fidel Cueto ("Cueto"), pro se and in forma pauperis, to move the Court to expand the record of this proceeding by including records related to exhausting the administrative remedies available to him through the Bureau of Prisons ("BOP").

Cueto, a federal prisoner, has filed a Petition for Writ of Prohibition which is currently before the Court for preliminary screening in accordance with the Prison Litigation Reform Act, Title 28 United States Code § 1915A. The petition is related to an immigration detainer lodged against Cueto by the Respondent agency, the Bureau of Immigration and Customs Enforcement ("ICE"), even though ICE and BOP records characterize Cueto as a United States national and the subjects of ICE immigration detainers are limited to persons who are not United States nationals.

The BOP is not named as a Respondent in the petition; however, as an exercise of caution Cueto has asked the BOP to advise him how the ICE detainer will affect the service of his sentence.

The BOP has declined to respond other than to inform Cueto that the BOP does not have the authority to determine his citizenship, and that he will be "held in custody" until the completion of his federal sentence on September 1, 2016. The BOP does not specify which agency, the BOP or ICE, will hold Cueto in its custody. Current policy is to transfer most aliens who are the subject of an immigration detainer to ICE custody when approximately 90 months remain to be served on their sentence.

Cueto has asked the BOP for an administrative remedy regarding the lack of specificity concerning how the ICE detainer will affect the administration of his sentence; however, the request was rejected at the Federal Correctional Institution, Ashland, Kentucky ("FCI-Ashland") with a verbal statement that the administrative remedy request raises two issues: (a) Cueto's citizenship status, and (b) Cueto's eligibility for transfer to ICE custody before the completion of his federal sentence. See generally T. 28 C.F.R. § 542.14.

Cueto submitted an administrative appeal of the rejection to the Regional Director, and then to the BOP Central Office. See T. 28 C.F.R. § 542.17(c). Cueto appealed because one of the issues cannot be presented or considered in a meaningful way outside of the context of the other issue, and BOP regulations provide for submitting closely related issues in a single request. Id. The administrative appeal was rejected at both levels.

Cueto now submits the following to the Court as evidence of his efforts to exhaust the BOP administrative remedies as

they relate to his citizenship and the effect of the ICE detainer on the service of his federal sentence to the extent that exhaustion of the BOP administrative remedies that are available to Cueto may become an issue in this proceeding:

    a. A copy of FCI Ashland, Kentucky Informal Resolution Request by Cueto, attached as Exhibit 13. The original form has been retained by the BOP at FCI-Ashland.

    b. A copy of a Request for Administrative Remedy by Cueto, attached as Exhibit 14. The original form has been retained by the BOP at FCI-Ashland.

    c. The Regional Administrative Remedy Appeal by Cueto, attached as Exhibit 15.

    d. The Rejection Notice - Administrative Remedy, dated June 18, 2008, from the Mid-Atlantic Regional Office, attached as Exhibit 16.

    e. The Central Office Administrative Remedy Appeal by Cueto, attached as Exhibit 17.

    f. The Rejection Notice - Administrative Remedy, dated July 15, 2008, from the Central Office, attached as Exhibit 18.

### **CONCLUSION**

The motion should be granted and the attached Exhibits 13 through 18 should be made part of the record of this proceeding.

By signing this motion on the following page, I am declaring under the penalty of perjury that the factual representations that are made herein are true and correct to the best of my

knowledge, information and belief; and that the documents that are attached to this motion as Exhibits 13 through 18 are as they are represented herein. Executed this 17th day of August, 2008.

Respectfully submitted,

*[signature]*

German Fidel Cueto, pro se
01851-064    KB
FCI-Ashland
Post Office Box 6001
Ashland, Kentucky 41105-6001

ASH-1330.13D
January 31, 2002

ATTACHMENT 1
(Page 1 of 2)



# FCI, ASHLAND, KENTUCKY
# INFORMAL RESOLUTION ATTEMPT

DATE INFORMAL RESOLUTION PROCESS COMMENCES: 5-5-08

INMATE: CUETO, German Fidel     REG. NO. 01851-064     UNIT: KB

DATE OF THE INCIDENT THAT IS THE BASIS OF THIS COMPLAINT: On-going

NATURE OF THE COMPLAINT: ICE has filed an immigration detainer against me. The BOP has advised ICE that its records reflect that I am a U.S. citizen. I have provided ICE with certified State Department records reflecting my U.S. citizenship. ICE has not acted to withdraw the detainer. As such, I am subject to transfer to ICE custody as a deportable alien, even though official records reflect my U.S. citizenship.

PROPOSED RESOLUTION: That the BOP state, as a matter of record, its position regarding my U.S. citizenship, and that the BOP continue to hold me in its custody until the completion of my federal sentence; or alternately, formally deny this request in order that I can exhaust my administrative remedies in accordance with the PLRA.

INMATE SIGNATURE VERIFYING COMPLAINT: *[signature]*

(CONTINUED REVERSE SIDE)

EXHIBIT 13/page 1

COUNSELOR'S COMMENTS: You request that the BOP state, as a matter of record, its position regarding your U.S. Citizenship and that the Bureau continue to hold you in custody until the completion of your federal sentence. It is not the BOP's responsibility to determine citizenship. The Inmate Systems Manager, forwarded a letter to the Bureau of Immigration and Customs Enforcement on 11-28-05. In this letter, the ISM requested that BICE review your file based on your status as a naturalized U.S. citizen as indicated in your Presentence Investigation Report. No response was received from BICE. The Records Office will forward a second inquiry regarding your immigration status and a copy will be forwarded to you. You will be held in custody until the completion of your federal sentence on 9-1-2016.

UNIT MANAGER'S COMMENTS TO INMATE: A Detainer Action Letter was sent out in regard to this issue. When a second notice is sent, you will receive a copy of the letter. You will remain in Federal custody until you sentence is complete.

COUNSELOR'S SIGNATURE: _[signature]_   DATE: 5-23-08

UNIT MANAGER'S SIGNATURE: _Kristi White-Hall [signature]_   DATE: 05-08-08

Completion of all sections of this form are required before a BP-229(13) can be issued. This form supersedes all previous forms.

EXHIBIT 13/page 2

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __CUETO, GERMAN F._____  __01851-064__  __KB__  __FCI-ASHLAND__
            LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST**    I am appealing the BOP's decision not to formally advise me how the ICE detainer that has been lodged against me will affect my continued custody by the BOP. I fully understand that I will be held in custody until the end of my sentence. My question is related to which agency, the BOP or ICE, will have custody during various periods of my term of imprisonment. There is statutory authority to transfer federal prisoners who may be removable from the United States as criminal aliens to ICE custody before the completion of their term of imprisonment. These transfers of custody from the BOP to ICE are done as a matter of policy, and do not require the prisoner's consent. It is my understanding that current policy allows for such transfers when a prisoner who is subject to deportation proceedings is within 90 months of his release date.

    ICE has lodged an immigration detainer against me, even though the detainer itself says that my nationality is the United States. I have provided ICE with a copy of my passport application, which reflects verification of my U.S. citizenship, that has been certified by the U.S. Department of State. Members of my Unit Team viewed the original certificate of the passport records before the certificate and record was sent to ICE. The BOP has sent two letters of inquiry to ICE pointing out that my Presentence Report states that I am
                                                                                           (continues)

__May 24, 2008_____                    _____
        DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                    _____
        DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                          CASE NUMBER: _____
**Part C- RECEIPT**
Returned to: _____
             LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
        DATE                                       RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

EXHIBIT 14/page 1

(Continuation of BP-9, CUETO, German F., Reg. No. 01851-064)

a naturalized U.S. citizen. However, ICE has not responded or reacted to any of this information.

United States citizens are not subject to removal from the U.S. as criminal aliens, and therefore are not subject to transfer from BOP custody to ICE custody. I understand that the BOP cannot determine my citizenship status. However, the BOP can determine its own position on whether I am subject to transfer to ICE custody prior to completing my term of imprisonment, and formally advising me of that position.

EXHIBIT 14/page 2

U.S. Department of Justice                                                    Regional Administrative Remedy Appeal
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __CUETO, German F.__    __01851-064__    __KB__    __FCI-Ashland__
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   I am appealing the decision by FCI-Ashland to reject my Administrative Remedy request on the basis that it raises two separate issues. A copy of my Informal Resolution Attempt and the BP-9 that was submitted (but rejected) is attached. The BP-9 form that I submitted was retained by FCI-Ashland when this BP-10 form was provided.

　　My BP-9 requests formal notification to me from the BOP of whether I am subject to transfer to ICE custody as a deportable alien before I complete my federal sentence. The basis for my request is explained in detail in the attached BP-9. Although the comments to the Informal Resolution Attempt say that I will be held in custody until completion of my sentence, the comments avoid addressing whether the custodial agency will be the BOP or ICE. All BOP records reflect that I am a U.S. citizen, including the immigration detainer that the INS (subsequently reorganized into ICE) lodged with the BOP. In light of the detainer, my Administrative Remedy Request asks for a formal decision and notification of whether the BOP considers me eligible for transfer to ICE custody before my federal sentence is completed.

　　My BP-9 was rejected with a verbal statement that it raises two issues: (a) my citizenship status, and (b) my eligibility for transfer to ICE custody before I complete my federal sentence.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(continues)

__June 6, 2008__　　　　　　　　　　　　　　　　　　　　　　/s/
　　DATE　　　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
JUN 1 6 2008
Bureau of Prisons
MARO Regional Counsel

EXHIBIT 15/page 1

---

_____    _____
DATE                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __497743R1__

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____    Previous editions not usable    _____    BP-230(13)
USP LVN        DATE                                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL    APRIL 1982

(Continuation of BP-10: CUETO, German F., Reg. No. 01851-064)                                2

    The BOP does not have authority to decide my citizenship status, and I am not asking the BOP to make that decision. The BOP is authorized to administer my federal sentence, and part of that authority is deciding whether I am eligible for transfer to ICE custody before I complete my sentence on the basis of ICE's immigration detainer. My BP-9 presents a single issue, and removing the citizenship-related information would present the issue outside of its factual context.

    As a result, I am requesting that the Regional Director direct FCI-Ashland to accept and respond to my BP-9; or alternately, that the Regional Director respond directly as to whether I am eligible for transfer to ICE custody before the completion of my sentence.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 18, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO   : GERMAN FIDEL CUETO, 01851-064
       ASHLAND FCI    UNT: K    QTR: K06-019L
       P.O. BOX 888
       ASHLAND, KY 41105

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 497743-R1         REGIONAL APPEAL
DATE RECEIVED    : JUNE 16, 2008
SUBJECT 1        : DETAINERS, PRODUCTION ON WRIT
SUBJECT 2        : TRANSFER FOR PROTECTION REASONS
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                AT THIS LEVEL.

REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                OFFICE LEVEL.

REJECT REASON 3: SEE REMARKS.

REMARKS         : YOUR ISSUE MUST BE RESPONDED TO AT INST. THRU
                  ADMIN. REMEDY PRIOR TO SUBMITTING TO REGIONAL
                  OFFICE FOR REVIEW.

EXHIBIT 16

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __CUETO, German F.__   __01851-064__   __KB__   __FCI-Ashland__
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**  I am appealing the rejection of my Regional Administrative Remedy Appeal concerning FCI-Ashland's rejection of my BP-9. The Administrative Remedy Request was rejected on the basis that it raises two separate issues. The BP-10 was rejected as being filed at the wrong level. The Informal Resolution Request, a copy of my BP-9, and the BP-10 with its rejection notice are attached.

   Title 28 C.F.R. § 542.14(c)(2) provides that "[t]he inmate shall place a single complaint or a reasonable number of closely related issues on the form [BP-9]." In this case, my BP-9 requests formal notification to me from the BOP of whether I am subject to transfer to ICE custody as a deportable alien before I complete my federal sentence. The basis for my request is explained in detail in the attached BP-9. Although the comments to the Informal Resolution Attempt say that I will be held in custody until completion of my sentence, the comments avoid addressing whether the custodial agency will be the BOP or ICE. All BOP records reflect that I am a U.S. citizen, including the immigration detainer that the INS (subsequently reorganized into ICE) lodged with the BOP. In light of the detainer, my Administrative Remedy Request asks for a formal decision and notification of whether the BOP considers me eligible for transfer to ICE custody before my federal sentence is completed.

   My BP-9 was rejected with a verbal statement that it raises two issues: (a) my citizenship

__June 25, 2008__                                    _____
     DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
JUL 0 7 2008
Administrative Remedy Section
Federal Bureau of Prisons

EXHIBIT 17/page 1

_____                         _____
         DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                                   CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                         _____
         DATE                                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                              BP-231(13)
                                                                     APRIL 1982

(Continuation, BP-11: CUETO, German F., 01851-064)                                    2

status, and (b) my eligibility for transfer to ICE custody before I complete my federal sentence.

The BOP does not have the authority to decide my citizenship status, and I am not asking to BOP to make that decision. The BOP is authorized to administer my federal sentence, and part of that authority is deciding whether I am eligible for transfer to ICE custody before I complete my sentence on the basis of ICE's detainer. My BP-9 presents a single issue, and removing the citizenship-related information would present the issue outside of its factual context. The BP-9 that was presented meets the criteria of the BOP's regulation on the form of administrative remedy requests.

As a result, I am requesting that the Central Office direct that FCI-Ashland accept and respond to my BP-9; or alternately, that the Central Office respond directly as to whether I am eligible for transfer to ICE custody before the completion of my sentence.

EXHIBIT 17/page 2

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 15, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO   : GERMAN FIDEL CUETO, 01851-064
       ASHLAND FCI    UNT: K    QTR: K06-019L
       P.O. BOX 888
       ASHLAND,  KY 41105



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 497743-A1         CENTRAL OFFICE APPEAL
DATE RECEIVED    : JULY 7, 2008
SUBJECT 1        : DETAINERS, PRODUCTION ON WRIT
SUBJECT 2        : TRANSFER FOR PROTECTION REASONS
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: SEE REMARKS.

REMARKS         : YOUR ISSUE MUST BE RESPONDED TO AT INST. THRU
                  ADMIN. REMEDY PRIOR TO SUBMITTING TO THE NEXT
                  LEVEL.

EXHIBIT 18