# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

GERMAN FIDEL CUETO,

    Plaintiff,

    v.

DIRECTOR, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.,*

    Defendants.

_____

Civil Action No. 08-1033 (CKK)

## MEMORANDUM OPINION

The defendants have moved under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, arguing that the plaintiff's claims are now moot.  Plaintiff has countered by filing a motion to voluntarily dismiss the complaint under Fed. R. Civ. P. 41(a)(2), which requires an order of this Court.[1]  Because the defendants have now provided all the relief the plaintiff sought in his complaint, they have effectively rendered the complaint moot and deprived this Court of jurisdiction.  Accordingly, this Court must grant the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff German Cueto is currently incarcerated under criminal sentence.  (Compl. ¶ 10.) He learned that the Bureau of Immigration and Customs Enforcement ("(ICE") had lodged a detainer which would operate at the expiration of his criminal sentence to detain him for a short

---

[1]  The plaintiff could have filed a motion to voluntarily dismiss the action under Rule 41(a)(1)(A)(*i*) that did not require a court order.  It appears, however, that plaintiff desires a Court order in order to support an application for costs.

period while ICE decided whether to hold him pending a decision on deportation as an alien.  (*Id.* ¶¶ 11, 23, 27.)  Cueto alleges that he is a citizen of the United States, and therefore not properly subject to the detainer.  (*Id.* ¶ 9.)  The detainer also prevented him from participating in some desirable prison programs.  (*Id.* ¶ 24.)  Because his efforts to prove his citizenship and have the detainer removed met with no success (*see id.* ¶¶ 9 - 22), he filed this action.

Cueto styled this *pro se* complaint as a "petition for writ of prohibition," and requested that this Court enjoin the Director of the Bureau of Immigration and Customs Enforcement ("(ICE") from detaining him beyond his prison term on grounds that he is not a citizen of the United States, "and to enter any other judgment or order that the Court determines is necessary or appropriate."  (*Id.* at 1.)  He also sought a "declaratory judgment concerning the adequacy of records" that establish that he is a U.S. citizen, "to the extent that it is necessary to provide the relief Cueto seeks."  (*Id.* at 2.)  Cueto did not pray for costs and fees in his complaint.

Before filing an answer to complaint, the defendants filed a motion to dismiss the case for lack of subject matter jurisdiction on the basis of a sworn statement establishing that Cueto became a naturalized U.S. citizen on February 28, 1964, and that the ICE had instructed the authorities at the institution where Cueto is incarcerated to cancel the detainer.  Cueto has filed a motion to dismiss, requesting that this Court make findings of fact and issue certain orders.  (Pl.'s Mot. to Dismiss at 5.)  Cueto's submission implies that he hopes to recover costs and fees in this action.  (*Id.* at 3.)

DISCUSSION

This Court is established under authority of Article III of the Constitution and is limited to "deciding cases or controversies arising between opposing parties."  *Steel Co. v. Citizens for a*

*Better Environment,* 523 U.S. 83, 122 (1998) (quoting *Muskrat v. U.S.,* 219 U.S. 346, 362 (1911)).  Article III courts are not authorized to render advisory opinions, which is what results when an opinion is rendered in the absence of an actual case or controversy.  *Id.; Muskrat,* 219 U.S. at 362.  To meet Article III requirements, the actual controversy must exist at all stages of judicial review, not merely at the time the suit is instituted.  *Barnhardt, v. County of Los Angeles,* 279 F.3d 862, 871 (9th Cir. 2002).  "If a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of the case would constitute an advisory opinion."  *Nat'l Adverstising Co. v. City of Miami,* 402 F.3d 1329, 1332 (11th Cir. 2005). Accordingly, "[b]y its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it."  *Id.* (internal quotation marks).  In sum, it is well-established that "[t] inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends on the existence of a case or controversy."  *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974) (internal quotation marks omitted).

The question then, is whether Cueto's case has become moot by virtue of the defendants' conduct.  A case may become moot in multiple ways, one of which is by plaintiff obtaining all the relief he or she sought in the complaint.  "When all the relief sought has been obtained, there no longer exists a live controversy and the case must be dismissed as moot."  *Lowe v. Duckworth,* 663 F.2d 42, 43 (7th Cir. 1981); *accord Lowary v. Lexington Local Bd. of Educ.,* 854 F.2d 131, 133 (6th Cir. 1988) ("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed."); *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (noting that a case is not moot if only some of multiple issues are rendered

moot).  However, a defendant's voluntary cessation of the offending conduct does not render a

case moot if the offending conduct is capable of being repeated without meaningful review and

there is a reasonable expectation that the wrong will be repeated.  *Lewis v. Cont'l Bank Corp.,*

494 U.S. 481 (1990).

A review of the complaint establishes that the defendants have, in fact, provided all the

relief Cueto sought by removing the detainer and conceding that Cueto is a citizen of this

country.  In his complaint, Cueto sought no more than the removal of the ICE detainer.  His

request for a declaratory relief was contingent; he sought it only "to the extent necessary," and

there is no necessity in the face of the defendants' conduct.  Although, as Cueto notes, there is a

possibility that ICE will institute a detainer on these grounds again (Pl.'s Mot. to Dismiss at 3),

there is no reasonable expectation that it will do so.  The sworn statement from the ICE official

that acknowledges that Cueto is a naturalized citizen and that ICE has directed that the detainer

be cancelled is a court record available to the public indefinitely.  Furthermore, any reinstatement

of the now-removed detainer is capable of timely judicial review.

Cueto's efforts to maintain the controversy in order to obtain costs and fees cannot

succeed under the circumstances.  A desire to recover court costs and attorneys fees is

"insufficient to create an Article III case or controversy where none exists on the merits of the

underlying claim."  *Lewis v. Cont'l Bank Corp.,* 494 U.S. at 480 (considering a claim for

attorneys fees); *see also Loeh v. Commandant, U.S. Disciplinary Barracks,* No. 03-3366-JWL,

2004 WL 1490403, *1, (D. Kan. June 30, 2004) (applying the same rule to court costs for a *pro*

*se* litigant); *Labora v. MCI Telecommunications,* No. 98-1073, 1998 WL 1572719, *3 (S.D. Fla.

July 20, 1998) (deciding that a request for court costs did not create a case or controversy in an otherwise moot case).

By providing all the relief Cueto sought in his complaint, the defendants have rendered this case moot, which deprives this Court of subject matter jurisdiction.  Accordingly, the case will be dismissed with prejudice for lack of subject matter jurisdiction.  A separate order issued this same day accompanies this memorandum opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY

Date: November 5, 2008                    United States District Judge